UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRISTIAN JOSUE ESCOBAR FLORES,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, Field Office Director; MICHAEL KROL, HSI New England Special Agent in Charge; TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the Department of Homeland Security; and PAMELA BONDI, U.S. Attorney General,<br><br>Respondents. | Civil Action No. 1:25-cv-13744-IT |

<u>MEMORANDUM & ORDER</u>

December 12, 2025

TALWANI, D.J.

In his <u>Petition for Writ of Habeas Corpus</u> [Doc. No. 1], Petitioner Cristian Josue Escobar Flores states that he is a Guatemalan national who, on or about August 28, 2023, entered the United States without inspection. <u>Id.</u> ¶¶ 1, 4. On April 12, 2024, Petitioner filed a Form I-589 application seeking asylum and withholding of removal with the United States Citizenship and Immigration Services (USCIS). <u>Id.</u> ¶ 3.

Petitioner states further that, on December 8, 2025, he attended an "ICE [c]heck-in" at the Department of Homeland Security's ("DHS") Field Office in Burlington, Massachusetts, accompanied by his wife and child. <u>Id.</u> ¶¶ 5–7. Petitioner explains he attended to comply with

DHS and Immigration and Customs Enforcement's ("ICE") requirements, and that during this check-in ICE detained Petitioner and took him into custody. Id. at ¶¶ 6–7.

Petitioner contends that "[m]andatory detention as set forth on 8 U.S.C. § 1225(b)(2) does not apply to . . . [noncitizens] who previously entered the country and have been residing in the United States prior to being detained." Id. ¶ 27. He further argues that, "such noncitizens would be detained under § 1226(a), and therefore, eligible for release on bond." Id. Petitioner states that he is bond-eligible and is therefore being improperly detained pursurant to 8 U.S.C. § 1225(b)(2). Id. ¶ 30.

Respondents note that the legal issues raised in this Petition [Doc. No. 1] are similar to those addressed in Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025); Elias Escobar v. Hyde, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); Da Silva v. Hyde, No. 25-cv-12638-IT (D. Mass. Oct. 7, 2025); Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025); and Caguana-Caguana v. Moniz, 2025 WL 3171043 (D. Mass. Nov. 13, 2025). Resp. 1 [Doc. No. 6]. In those cases, this court held that the petitioners were detained pursuant to 8 U.S.C. § 1226(a). See Elias Escobar v. Hyde, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) ("[T]he court finds that [Petitioner's] detention falls under Respondents' discretionary authority under 8 U.S.C. 1226(a) and thus entitles him to a bond hearing."). Accordingly, Respondents state that "[s]hould the Court follow its reasoning in Doe, [Elias] Escobar, Da Silva, Venancio, and Caguana-Caguana, it would reach the same result here." Resp. 1 [Doc. No. 6].

Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds the reasoning in Doe and Elias Escobar remains correct. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216

(BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (citing cases reaching the same conclusion).

The Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED as follows. No later than December 19, 2025, Escobar Flores must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Escobar Flores in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

December 12, 2025                                              /s/ Indira Talwani
                                                               United States District Judge